Excel Surgery Center, LLC, as Assignee of Tatiana Perez, Appellant, 
against
Metropolitan Property and Casualty Ins. Co., Respondent. 




Gary Tsirelman, P.C. (Douglas Mace of counsel), for appellant.
Fishkin & Associates (Thomas G. Carton and Ross Van Tuyl of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered December 7, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff seeks to recover the unpaid balance of a claim for services rendered on February 9, 2015. Defendant moved for summary judgment dismissing the complaint on the ground that the disputed medical services had been rendered in New Jersey, and that defendant had fully paid the claim in accordance with the New Jersey Automobile Medical Fee Schedule (see 11 NYCRR 68.6 [b], [c]). Plaintiff opposed the motion. By order entered December 7, 2017, the Civil Court granted defendant's motion.
While plaintiff argues that defendant failed to establish that it had timely mailed its denial of claim form, 11 NYCRR 65-3.8 (g) (1) (ii), effective April 1, 2013 (see 11 NYCRR 65-3.8 [g] [2]), provides that "no payment shall be due for . . . claimed medical services under any circumstances . . . for those claimed medical service fees that exceed the charges permissible pursuant to Insurance Law sections 5108 (a) and (b) and the regulations promulgated thereunder for services rendered by medical providers" (see also Oleg's Acupuncture, P.C. v Hereford Ins. [*2]Co., 58 Misc 3d 151[A], 2018 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). As the services at issue were provided on February 9, 2015, defendant was not required to establish that it had timely denied the claim in order to preserve its fee schedule defense (see 11 NYCRR 65-3.8 [g] [1] [ii]; Precious Acupuncture Care, P.C. v Hereford Ins. Co., 58 Misc 3d 147[A], 2018 NY Slip Op 50042[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Defendant supported its motion for summary judgment dismissing the complaint with an affidavit by a certified medical coder from a third-party company retained by defendant. Upon a review of the record, we find that the coder's affidavit was sufficient to establish, prima facie, that defendant had fully paid the claim submitted by the New Jersey provider in accordance with the New Jersey medical fee schedule (see 11 NYCRR 68.6 [b], [c]). In opposition, plaintiff failed to raise a triable issue of fact, as plaintiff submitted only an affirmation by its counsel, who did not establish that he possessed personal knowledge of the facts. Plaintiff's remaining contentions lack merit.
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 15, 2019